The Court,

Houston, J.,

charged the jury: That, as a promissory note imports prima facie an adequate consideration; or, in other words, the law presumes, on proof of the making and issuing of such a note, that it was given for a valid and valuable consideration, it was incumbent upon the defendant to rebut this presumption by showing the contrary, in order to defeat the action and entitle himself to the verdict. In an action between the original or' immediate parties to a promissory note, it was always allowable for the defendant to do this, by showing the want of any consideration for it at the time, or the total failure of it after it was given. The defence relied on in this case was the subsequent failure of the consideration for which the note was given, and for which it was now put in suit; for it could not be said to be a note without any consideration in its inception. The lime, about "which there is no dispute, it is admitted, has since been paid for, *218 and the balance demanded upon the note was the price to be paid for the guano, which the defendant alleges, and which the plaintiff, we believe, does not deny, afterwards, on its application to the defendant’s land, turned out to be of no value whatever to the defendant as a fertilizer, for which purpose the plaintiff sold and the defendant bought it. Of course it was, in the nature of things, incapable of being returned to the plaintiff. But whether in this case this is such a total or entire failure of the consideration for which the note as it is now presented to us was given, as will constitute a bar to the action and entitle the defendant to a verdict, will depend upon two facts, which the jury must consider and determine, either of which, if found against the plaintiff, will be sufficient to defeat the action. And the first is, whether the plaintiff', at the time of the sale of the guano to the defendant, expressly warranted it to be a good or valuable commodity as a fertilizer, knowing at the time that it was useless, or of little or no value for that purpose. If so, then he was not entitled to recover. But, admitting that he did not so warrant it, the second question is, whether the plaintiff fraudulently recommended and misrepresented the quality of the article to the defendant, and falsely stated it to be good or valuable, knowing at the time that it was worthless, or of little or no value, and by means of such false and fraudulent representations prevailed upon the defendant to purchase it, and obtained the note in question for it; then, in that event, also, the plaintiff would not be entitled to recover; but in either of these events, the verdict should be for the defendant, because fraud vitiates all contracts, and it is a good defence to an action on a promissory note between 'the immediate or original parties to it, that it was obtained by fraud or fraudulent representations. Should the opinion of the jury, however, be against the defendant on both of these questions, then their verdict should be in favor of the plaintiff.
As to what will constitute an express warranty, the Court would merely add that, in order to warrant a thing, even *219 expressly, it is not necessary that the seller should use that identical term, for no form of words was necessary to constitute a contract of warranty. Any stipulation made and received with that view, or any assurance or declaration which the seller utters at the time, with the intention of warranting or binding himself, that the quality or condition of the article is such as is represented, will constitute even an express warranty, whether the word “ warrant” be used or not. But a simple affirmation that a thing is good or sound will not, unless it was so intended and understood by the parties at the time; and no general praise, or commendation, or opinion, or belief expressed in good faith, and without an intention to warrant, can be so considered. Where the buyer and seller have equal knowledge or opportunities of knowing the properties or qualities of the thing in question, and each relies on his own judgment and observation in regard to the matter, each deals on the strength and basis of his own opinion; and there is no warranty, either express or implied, involved in the transaction.
W. Saulsbury, for the plaintiff.
C. M. and E. D. Cullen, for defendant.
Verdict for defendant.